Joseph E. LIVELY, Plaintiff–Appellant,

v.

Otis R. BOWEN, Secretary, Department of Health and Human Services, Defendant–Appellee.

No. 87–3191.

United States Court of Appeals, Fourth Circuit.

Submitted May 19, 1988.

Decided Sept. 13, 1988.

---

Kirk B. Roose, Oberlin, Ohio, on brief, for plaintiff-appellant.

Beverly Dennis, III, Chief Counsel, Philadelphia, Pa., Charlotte Hardnett, Supervisory Atty., Regional Counsel, Washington, D.C., James A. Winn, Asst. Regional Counsel, Office of the Gen. Counsel, Dept. of Health and Human Services, Michael W. Carey, U.S. Atty., Stephen M. Horn, Asst.

U.S. Atty., Charleston, W.Va., on brief, for defendant-appellee.

Before WINTER, Chief Judge, and RUSSELL and WILKINS, Circuit Judges.

HARRISON L. WINTER, Chief Judge:

Joseph E. Lively appeals the district court's denial of his motion for attorneys' fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). On the parties' request, we decide this case on the briefs without oral argument.

Without assigning reasons, the district court summarily concluded that Secretary of Health and Human Services Otis R. Bowen (the Secretary) was substantially justified in opposing Lively's claim for disability insurance benefits. In light of our decision reversing the district court's prior judgment to sustain the denial of benefits, see *Lively v. Secretary of Health and Human Services*, 820 F.2d 1391 (4 Cir.1987), and the absence of any indication in the record of a reasonable basis for finding the Secretary's legal position substantially justified, we conclude that the district court abused its discretion in denying fees. We reverse the district court's denial of EAJA fees and expenses and remand for a determination of an appropriate award.

### I.

On October 19, 1981, an ALJ denied Lively disability insurance benefits under the Social Security Act, finding he was not disabled under the Secretary's grid rules, 20 C.F.R. Part 404, Subpart P, App. 2. The ALJ found, in particular, that Lively did have the residual functional capacity to perform "substantial gainful activity of a light nature." *Lively*, 820 F.2d at 1391–92 (*quoting* October 1981 ALJ decision). Shortly thereafter, on November 3, 1981, Lively became fifty-five years of age. He thereby became an individual of "advanced age" under the Secretary's regulations, *see* 20 C.F.R. § 404.1563(d), who would, given his background, residual functional capacity, and other attributes, be considered disabled under the grid rules. Lively reapplied for disability benefits on December 14, 1983, and was again denied them in proceedings before a different ALJ. Without discussion of the first ALJ finding that Lively was limited to light work, the second ALJ found that Lively was not disabled "for purposes of entitlement to a period of disability and disability insurance benefits at any time on or before December 31, 1981...." Administrative Record at 34.

The district court upheld this determination, and Lively appealed. We reversed the district court and remanded for entry of judgment in Lively's favor. *Lively*, 820 F.2d 1391 (4 Cir.1987). Because Lively was found to be capable of only light work as of October 19, 1981, we could not sustain the second ALJ finding that Lively had no exertional limitations as of a few weeks later: "[i]t is utterly inconceivable that his condition had so improved in two weeks as to enable him to perform medium work." 820 F.2d at 1392. We stated: "It is by now well-established that fundamental and familiar principles of *res judicata* apply in Social Security disability cases." *Id.* These principles

> indicate that the Secretary must shoulder the burden of demonstrating that the claimant's condition had improved sufficiently to indicate that the claimant was capable of performing medium work. *Cf. Dotson v. Schweiker*, 719 F.2d 80 (4 Cir.1983).

*Id.*

After prevailing before us on the merits, Lively filed a motion in the district court for attorney's fees and expenses under the EAJA. Despite our decision in *Lively*, the district court denied Lively's motion. Without elaboration, the district court concluded:

> The Court concurs with the United States that the Secretary's decision was substantially justified and that the Secretary relied upon a reasonable basis in fact and law.

### II.

Under the EAJA, a prevailing civil litigant is entitled to attorney's fees "un-

less the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The government can defeat a claim for fees and expenses by showing that its position had a reasonable basis in both fact and law. *Pierce v. Underwood,* —— U.S. ——, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988) (*citing, inter alia, Anderson v. Heckler,* 756 F.2d 1011, 1013 (4 Cir.1985)). The government has the burden of proving that its litigation position was substantially justified. *See generally United States v. Yoffe,* 775 F.2d 447, 450 (1 Cir.1985); H.R. Rep. No. 1418, 96th Cong., 2d Sess. 18 (1980), *reprinted in* 1980 U.S.Code Cong. & Admin.News 4953, 4984, 4997 ("it is ... appropriate to place the burden on the government to prove the reasonableness of its actions"). We review the district court's finding that the Secretary was substantially justified under an abuse of discretion standard. *Pierce,* 108 S.Ct. at 2546–49.[1]

### III.

While the Secretary could have met his burden of proving substantial justification by offering evidence of rapid improvement in Lively's medical condition in the late fall and early winter of 1981, *see Lively,* 820 F.2d at 1392, the Secretary did not present any such evidence. Rather, he opposed Lively's request for EAJA fees and expenses on legal grounds. In the absence of either discussion by the district court or indications in the record that the Secretary's legal position was substantially justified, this appeal perforce turns on whether the legal arguments raised by the Secretary were sufficient to allow the district court to find, within its discretion, that the Secretary was substantially justified in law in opposing Lively's claim.

As we have said, we view the unexplained divergence from the first ALJ's findings on Lively's exertional capacity unacceptable in light of principles of finality and fundamental fairness drawn from 42 U.S.C. § 405(h)'s finality provisions, *see Lively,* 820 F.2d at 1392, and our decision in *Dotson v. Schweiker,* 719 F.2d 80, 82 (4 Cir.1983) (the Secretary's initial determination of disability gives rise to a presumption at the time of the second hearing that a claimant is still disabled). Arguing largely in contravention of our decision in *Lively,* the Secretary asserts that his position was reasonable given (1) the substantial evidence standard of judicial review over the Secretary's determinations; (2) new evidence available to the second ALJ; (3) the "questionable" precedential value of *Dotson;* and (4) our "novel" and "questionable" application of § 405(h) in *Lively.* We address these in turn. As will appear, we perceive no merit in any of these arguments.

■ The Secretary argues that both ALJ decisions are supported by substantial evidence. As in *Lively,* we again decline to determine if the second ALJ finding is supported by substantial evidence. Regardless of this factual issue, the substantial evidence standard does not permit the Secretary to support any inconsistency in findings if each, considered separately, would be sustained on judicial review. In asserting that "there was substantial evidence for these two decisions despite the apparent inconsistency," Br. Appellee at 7, the Secretary reveals that he has failed to grasp the central lesson of *Lively:* the inconsistency in ALJ findings, and not the findings themselves, was and is the basis for our holdings in this case. In short, the deferential standard of review we extend to ALJ findings may not be used to justify such inconsistencies.

---

1. *Pierce* alters our standard of review of EAJA fee decisions. We have in the past reviewed such decisions *de novo. See, e.g., Pullen v. Bowen,* 820 F.2d 105, 109 (4 Cir.1987) (*de novo* review of whether denial of benefits substantially justified); *Hicks v. Heckler,* 756 F.2d 1022, 1023–24 (4 Cir.1985) (stating that the Secretary's legal positions are to be reviewed *de novo,* and, without deciding the standard of review of the reasonableness of the Secretary's factual position, noting that the issue of whether the Secretary's determination was supported by substantial evidence is a legal issue).

■ The Secretary's reference to significant new evidence available to the second ALJ is unsupported. The record does not contain any new evidence which would account for the disparate later finding, nor does the second ALJ finding on Lively's exertional capabilities in late 1981 rely on such evidence, *cf. Murphy v. Bowen*, 810 F.2d 433, 437 (4 Cir.1987) (ALJ is required to indicate explicitly the weight given to all relevant evidence). More importantly, we observe that even if new evidence existed suggesting that the claimant was capable of heavy work, the Secretary may not reappraise a final finding of fact except as provided for by law. *See* 42 U.S.C. § 405(h).

■ The Secretary argues that *Dotson* is of questionable precedential value, contending that it "was effectively overruled by the passage of the Social Security Disability Benefits Reform Act of 1984 [Reform Act]." Br. Appellee at 9. The Reform Act strengthens rather than weakens our reliance on *Dotson;* consistent with *Dotson*'s premise that inconsistent findings must be reconciled by evidence of change over time, Congress has provided that evidence of medical improvement be presented before termination of a recipient's benefits. *See* 42 U.S.C. § 423(f). Passage of the Reform Act does not undercut our opinion in *Lively*, rendered after passage of the Reform Act, that the Secretary may not reasonably rely on a second ALJ finding which conflicts with a prior final finding.[2]

■ Lastly, the Secretary characterizes our application of 42 U.S.C. § 405(h) as "novel," contending that because the Secretary had no reason to consider himself a "party" in ALJ proceedings, the finality clause does not apply to him. The Secretary emphasized this argument before the district court, characterizing our use in *Lively* of 42 U.S.C. § 405(h)'s finality provision as "questionable and ... a novel application of that provision," A. 49, and asserting that "the plaintiff prevailed because of a novel application of the statute," *id.* at n. 3.

Our application of § 405(h) in *Lively* was far from novel or questionable, but rather flowed directly from the words of the statute. Contrary to the Secretary's suggestions, in *Lively* we did not implicitly conclude that the Secretary was a party for the purposes of the first sentence of § 405(h) ("The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing."). Rather, in stating that § 405(h) "gives finality to *findings*, as well as decisions," *Lively*, 820 F.2d at 1392 (emphasis in original), we relied upon the second sentence of § 405(h): "No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or government agency except as herein provided." This provision, in combination with fundamental and familiar principles of claim and issue preclusion, prohibits the Secretary's unbridled reappraisal of factual findings.[3] Absent evidence of medical im-

2. Fundamentally, the Secretary's burden of demonstrating medical improvement flows from fundamental principles of *res judicata:* the Secretary may avoid issue or claim preclusion if he can show that because of medical improvement, the two findings of exertional capacity do not address identical factual issues.

3. The Eighth Circuit has recently applied § 405(h) and principles of *res judicata*. As we noted in *Lively*, the instant case is distinguishable from *Gavin v. Heckler*, 811 F.2d 1195, 1200 (8 Cir.1987) (applying *res judicata* to prevent the Secretary from reaching an inconsistent result in a second proceeding based on evidence that has already been weighed in a claimant's favor in an earlier proceeding):

In the present case, it is true that the prior administrative proceeding did not result in a

decision favorable to the appellant. Thus, *Gavin* is not strictly controlling. The statute upon which *Gavin*'s holding rests, though, 42 U.S.C. § 405(h), gives finality to *findings*, as well as decisions, made in previous proceedings between the parties.
820 F.2d at 1392 (emphasis in original). However, this distinction between *Gavin* and the instant case is not of great significance to the legal issue at hand. Whereas in *Gavin* the Eighth Circuit relied on the language of § 405(h) to hold that once a decision becomes final it may not be reappraised, so in this case once a finding is made in a final decision, it may not be reappraised except as provided for by law:

The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. *No*

provement which would destroy the identity of the factual issues in the two ALJ hearings, no reasonable person could conclude that the Secretary could reasonably rely on the second, conflicting finding.

## IV.

■ We are, of course, not aided in deciding this appeal by the district court's failure to reveal the basis on which it decided that the Secretary's litigation position was substantially justified. Ordinarily we would remand the case and require the district court to disclose its reasoning; but, in the case at bar, both as a matter of fact and of law, we perceive nothing in the record to constitute substantial justification. It follows that the district court abused its discretion in denying the application and that we should now direct that an award be made.

We reverse the judgment of the district court denying the motion on allowance of fees and remand the case to the district court. On remand the district court shall allow fees and expenses in the amount that it determines is just and reasonable.[4]

REVERSED AND REMANDED.

*findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or government agency except as herein provided.* No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h) (emphasis added). As we have previously stated, the reasoning of *Gavin* supports our conclusion that principles of fairness and the fundamental and familiar principles of *res judicata* prohibit inconsistent findings on identical factual issues:

> It appears that the ALJ has reevaluated the evidence presented at the 1979 hearing. The doctrine of collateral estoppel, applicable here, forbids this.

*Gavin,* 811 F.2d at 1200.

4. Because we decide this appeal in Lively's favor, we deny his postargument submission of a motion to file a supplemental brief for the reason that it has become moot.