961 F.2d 211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Marlene E. SIGMAN, Plaintiff-Appellant,
v.
U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 91-2566.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 10, 1992
Decided: May 4, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, District Judge. (CA-89-645-R)
 Charles D. Bennett, Jr., Fredericksburg, Virginia, for Appellant.
 Eileen Bradley, Chief Counsel, Region III, Stephen M. Walker, Assistant Regional Counsel, Office of the General Counsel, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Philadelphia, Pennsylvania; Kenneth E. Melson, United States Attorney, Debra J. Prillaman, Assistant United States Attorney, Richmond, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINS and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Marlene Sigman appeals from the district court's order denying her petition for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C.A. § 2412(d) (West Supp. 1991). We affirm.
 
 
 2
 Sigman applied to the district court for review of the final decision of the Secretary of Health and Human Services (Secretary) denying her applications for Social Security disability benefits and supplemental security income. The magistrate judge remanded the case to the Secretary because substantial evidence was lacking to support the Secretary's finding that Sigman retained the residual functional capacity to perform her past relevant work as a custodian for a textile firm. On remand and after the presentation of significant, new evidence, the Secretary found that Sigman had been disabled since her alleged date of onset and awarded benefits. The district court then entered an order filing the parties' stipulation of voluntary dismissal of the action.
 
 
 3
 Sigman then filed her petition for attorney's fees under the EAJA. The magistrate judge found that the Secretary was"substantially justified" in his position and recommended that Sigman's petition be denied. After considering Sigman's objections, the district court denied Sigman's petition for fees under the EAJA but granted a substantially lesser amount of attorney's fees under the Social Security Act. Sigman contends on appeal that the district court abused its discretion by relying on two reports of non-examining, non-testifying physicians which appeared in the record and supported the Secretary's position.
 
 
 4
 Two requirements for an award of fees under the EAJA are that the claimant is a "prevailing party" and that the government's position was not "substantially justified." Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991); 28 U.S.C.A. § 2412(d). The burden is on the government to show that its position was substantially justified. Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988). A position based on an arguably defensible administrative record is substantially justified. See Crawford, 935 F.2d at 658. An abuse of discretion standard applies on appeal. Id. at 656.
 
 
 5
 Sigman first argues that the ALJ did not explicitly rely on these two reports in his opinion denying benefits and that as a result the courts may not rely on them. We have stated that in determining whether the Secretary's final decision is supported by substantial evidence the ALJ must explicitly state the weight given to all relevant evidence. See Myers v. Califano, 611 F.2d 980, 983 (4th Cir. 1980). However, Sigman cites no authority for applying such a rule when determining whether the Secretary's position was substantially justified.* Merely because the Secretary's original decision has been found to be based on an inadequately developed record does not mean that the position could not be substantially justified. See Federal Election Comm'n v. Rose, 806 F.2d 1081, 1088 (D.C. Cir. 1986). We do not believe that it was an abuse of discretion for the district court to rely on the two physicians' reports to determine whether the Secretary's position was substantially justified.
 
 
 6
 Sigman next argues that the reports were inadmissible under Richardson v. Perales, 402 U.S. 389 (1971). Richardson held that certain medical reports from non-testifying, non-treating physicians could constitute substantial evidence without a violation of the claimant's due process rights. Sigman contends that the reports considered in this action do not possess the indicia of reliability discussed in Richardson. We find that Sigman, even though she was proceeding pro se, waived any right to contest the admission of the reports by failing to object when she had the opportunity at the hearing before the ALJ. See Richardson, 402 U.S. at 404-05 (waiver of right to cross-examination and confrontation by failing to take opportunity to subpoena witnesses). The reports were a part of the administrative record before the district court and we find no abuse of discretion by the district court based on this argument.
 
 
 7
 Finally, Sigman argues that the reports are tainted because they were made prior to the diagnosis that she was suffering from degenerative joint disease. In reviewing all of the evidence in the record, we cannot find that the district court abused its discretion in relying on the reports even though they were made prior to the diagnosis.
 
 
 8
 Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 We note that although the ALJ did not explicitly rely on these two reports, he did make a general reference to the evidence in the record. These reports were a part of that evidence in the record