Carl E. THOMPSON, Plaintiff–
Appellant,

v.

Louis W. SULLIVAN, Secretary of
Health and Human Services,
Defendant–Appellee.

No. 92–1360.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 2, 1992.
Decided Nov. 24, 1992.

John Simon Whitelaw, Appalachian Research and Defense Fund, Inc., Welch, W.Va., argued (Robert S. Baker, Appalachian Research and Defense Fund, Inc., Beckley, W.Va., on brief), for plaintiff-appellant.

William Brian Reeser, Asst. Regional Counsel, Office of Gen. Counsel, Dept. of Health and Human Services, Philadelphia, Pa., argued (Eileen Bradley, Chief Counsel, Region III, Dorothea J. Lundelius, Supervisory Asst. Regional Counsel, Office of Gen. Counsel, Dept. of Health and Human Services, Philadelphia, Pa., Michael W. Carey, U.S. Atty., Carol A. Casto, Asst. U.S. Atty.,

Charleston, W.Va., on brief), for defendant-appellee.

Before HALL and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.

## OPINION

K.K. HALL, Circuit Judge:

Carl Thompson appeals an order of the district court denying his application for attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. We must decide whether the district court abused its discretion in finding the government's position "substantially justified." Because the administrative law judge (ALJ) failed to apply proper circuit law to evaluate Thompson's subjective complaints of pain, we reverse.

## I.

Appellant Carl Thompson filed an application for disability and supplemental security income benefits in April, 1985, alleging disability as of March, 1985. Thompson suffered from polio as a child. Though he was able to work for many years, back, arm, and joint pain had progressively taken its toll. Thompson was 45 years old when he filed his application.

After Thompson's claim was denied initially and on reconsideration, a hearing was held before an ALJ on October 30, 1987. The ALJ concluded that Thompson had the residual capacity to perform some sedentary work. In reaching this conclusion, the ALJ found that Thompson's "subjective complaints, including pain, are not consistent with the medical evidence of record." Perhaps presaging his decision, the ALJ had not included pain as one of Thompson's impairments in his questioning of the vocational expert.

The Appeals Council affirmed the denial of benefits. Thompson filed suit in district court. The district court upheld the denial, but we reversed. *Thompson v. Sullivan,* 908 F.2d 968 (4th Cir.1990) (per curiam). We ruled that the ALJ's finding that Thompson did not meet the listed impairment for residual effects of polio was too conclusory, and that the ALJ's "pain" finding ignored plentiful objective medical evidence of a condition that could cause pain.

Ultimately, Thompson's claim was reviewed by a new ALJ, who found his complaints as to the severity of pain credible. Thompson was therefore awarded benefits from March, 1985.

Thompson then sought an award of attorneys' fees under EAJA. The district court denied the petition, and Thompson appeals.

## II.

### A.

■ A party who prevails in litigation against the United States is entitled to EAJA attorneys' fees upon timely petition for them if the government's position was not "substantially justified" and no special circumstances make an award unjust. *Crawford v. Sullivan,* 935 F.2d 655, 656 (4th Cir.1991). This case turns entirely on the "substantial justification" question. In the district court, the government has the burden of showing substantial justification, *Lively v. Bowen,* 858 F.2d 177, 180 (4th Cir.1988), and we review the district court's decision for an abuse of discretion. *Pierce v. Underwood,* 487 U.S. 552, 562–563, 108 S.Ct. 2541, 2548–2549, 101 L.Ed.2d 490 (1988).

■ The government's position must be substantially justified in both fact and law. *Pierce,* 487 U.S. at 565, 108 S.Ct. at 2550; *Crawford,* 935 F.2d at 656. In other words, favorable facts will not rescue the government from a substantially unjustified position on the law; likewise, an accurate recital of law cannot excuse a substantially unjustified position on the facts. After prevailing in the underlying suit, a petitioner may rely on either a prelitigation position or a position taken during litigation as a predicate for fees. However, where the government's unjustified prelitigation position forces the petitioner to institute the suit, the government is liable for fees for the whole suit, notwithstanding

that it asserts justifiable positions on the various subsidiary disputes that may arise during litigation. *Commissioner, INS v. Jean*, 496 U.S. 154, 158–160, 110 S.Ct. 2316, 2318–2319, 110 L.Ed.2d 134 (1990).

## B.

 This court has been repeatedly forced to admonish the Secretary concerning the proper method to evaluate subjective complaints of pain, both before and after passage of the Disability Benefits Reform Act of 1984, which adopted the substance of our prior rule. *See Myers v. Califano*, 611 F.2d 980, 983 (4th Cir.1980); *Foster v. Heckler*, 780 F.2d 1125, 1129 (4th Cir.1986); *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir.1989); *Jenkins v. Sullivan*, 906 F.2d 107, 109 (4th Cir.1990). We have instructed the Secretary that a claimant need only "show objective medical evidence of some condition that could reasonably be expected to produce the pain alleged, not objective medical evidence of the pain itself." *Jenkins*, 906 F.2d at 108. Regrettably, the Secretary, at least for a time, ignored us. Indeed, the Secretary's refusal to follow this court's precedents on evaluating pain was the genesis of a protracted class action in North Carolina. In an appeal in that class action, just a month before this court remanded appellant Thompson's claim for reconsideration, we lamented that the Secretary's arguments indicated that he "has not firmly decided to abandon his policy of non-acquiescence in circuit law." *Hyatt v. Sullivan*, 899 F.2d 329, 333 (4th Cir.1990).

Perhaps aware that we may be skeptical of his fidelity to circuit law, the Secretary concentrates his efforts on the factual basis of his position that Thompson was not disabled. As a general matter, where eligibility for benefits turns on disputed facts, the ultimate award of benefits does not necessarily mean that the Secretary was unjustified in contesting the claim. On the other hand, if the denial of benefits rested on a misapplication of well-established law, and proper application of that law later resulted in an award, EAJA's command that the government's position be substantially justified in fact *and* law renders the Secretary's factual position largely irrelevant.

The ALJ's opinion is so conclusory that it is hard to tell what law he applied. Finding of fact number 4 states that "[t]he claimant's subjective complaints, including pain, are not consistent with the medical evidence of record." The natural reading of this sentence is that the ALJ faulted Thompson for failing to present medical evidence of the pain itself, rather than simply of a condition that could cause pain. As this court held on appeal, the record is "replete" with evidence of such underlying conditions. The ALJ either ignored this circuit's law or ignored plentiful evidence. In light of our prior experience with the Secretary in cases concerning subjective complaints of pain,[1] we find the first of these failures much more likely.[2]

In his brief, the Secretary represents that he "gave Thompson the benefit of the doubt," and, more audaciously, that he "has never required objective medical proof of Thompson's pain." Then, citing the ALJ's finding of fact 4, he posits that the ALJ "simply found that Thompson's pain would not preclude him from performing sedentary work." Finding of fact 4 says no such thing—it dismisses Thompson's complaints of pain as not "consistent" with the medical evidence.

Finally, the Secretary lapses into his old ways. He says, "To begin with, pain is not

---

1. For example, Social Security Ruling (SSR) 82–58, in effect at the time the ALJ issued his ruling in this case, had been previously declared "contrary to Fourth Circuit case law." *Hyatt v. Sullivan*, 899 F.2d at 333, *citing Walker*, 889 F.2d 47; *Foster*, 780 F.2d 1125; and *Myers*, 611 F.2d 980. The ALJ did not cite SSR 82–58 or our cases rejecting it in his ruling. However, as late as 1990, the Secretary was still arguing to this court that SSR 82–58 was a correct statement of the law. *Hyatt*, 899 F.2d at 333.

2. Even were we to give the Secretary an undeserved benefit of the doubt, and assume that he applied our precedents correctly, he would face a difficult task to convince us that his position on Thompson's claim was substantially justified in fact. As we stated on review of the merits, the record is "replete" with objective medical evidence of a condition that could cause pain.

an impairment but a symptom. Pain is a sensation, resulting from a stimulation of specialized nerve endings and is often a symptom of an underlying medical impairment." The Secretary cites two medical treatises for this proposition, but omits mention of this circuit's precedents, which have, at least since *Myers v. Califano* in 1980, held that pain itself is an impairment that can render a person disabled.[3]

Thompson had to file this suit to obtain benefits to which he was entitled because the government did not follow this circuit's law. A policy of non-acquiescence cannot be "substantially justified" in law. *Crawford,* 935 F.2d at 658; *Hyatt v. Heckler,* 807 F.2d 376, 382 (4th Cir.1986), *cert. denied,* 484 U.S. 820, 108 S.Ct. 79, 98 L.Ed.2d 41 (1987); *Anderson v. Heckler,* 756 F.2d 1011, 1013 (4th Cir.1985). The district court abused its discretion in holding otherwise.

The judgment of the district court is reversed, and the case is remanded with instructions to award EAJA attorneys' fees.

REVERSED AND REMANDED.

---

**3.** The longstanding nature of the circuit law on pain makes this case much different than *Crawford.* In *Crawford,* we held that the Secretary's application of a "currently disabled" standard for continuing benefits to existing disability recipients was substantially justified until it was struck down in *Dotson v. Schweiker,* 719 F.2d 80 (4th Cir.1983). Because *Crawford's* benefits were terminated before *Dotson* was announced, we affirmed the denial of EAJA fees.