**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WILLIAM L. ALBRIGHT,
Plaintiff-Appellant,

v.

No. 00-1057

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., District Judge.
(CA-96-148-2)

Submitted: May 31, 2000

Decided: July 25, 2000

Before WILKINS, LUTTIG, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jimmy A. Pettus, Greensboro, North Carolina, for Appellant. David
W. Ogden, Acting Assistant Attorney General, Walter C. Holton, Jr.,
United States Attorney, Mary Ann Sloan, Regional Chief Counsel,
Dennis R. Williams, Deputy Regional Chief Counsel, Cheryl
Nikonovich-Kahn, Assistant Regional Counsel, Brian C. Huberty,
Assistant Regional Counsel, Office of the General Counsel, SOCIAL
SECURITY ADMINISTRATION, Atlanta, Georgia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William L. Albright appeals the district court's order adopting the magistrate judge's recommendation to deny his petition for attorney's fees filed pursuant to 28 U.S.C.A. § 2412 (West Supp. 2000), the Equal Access to Justice Act ("EAJA"). For the reasons stated below, we affirm the district court's order denying the petition.

Albright filed an application for disability benefits and an administrative law judge denied benefits based on Social Security Acquiescence Ruling 94-2(4) ("AR 94-2(4)"), which requires adjudicators to adopt findings from a final decision on a prior claim absent new material evidence. AR 94-2(4) was adopted by the agency after this court's decision in Lively v. Secretary of Health & Human Servs., 820 F.2d 1391 (4th Cir. 1987), and purported to codify the holding of that case. This court considered the matter on appeal in Albright v. Commissioner of the Social Sec. Admin., 174 F.3d 473 (4th Cir. 1999), and found that the Commissioner wrongly interpreted the holding in Lively in adopting AR 94-2(4). See Albright , 174 F.3d at 477. We affirmed the district court order remanding the matter to the Social Security Administration for further consideration. See id. at 477-78.

Albright filed a timely fee petition with the district court seeking the recovery of fees in his action for social security benefits. The district court denied the petition, and Albright appeals.

The eligibility requirements for an award of fees under the EAJA are: (1) that the claimant is a prevailing party; (2) that the government's position was not substantially justified; (3) that no special circumstances make an award unjust; and (4) that the claimant timely filed his petition supported by an itemized statement. See 28 U.S.C.A. § 2412; Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991). Whether the Commissioner's position was substantially justified is

2

the only issue in this appeal. The Commissioner has the burden of proof on that issue in district court, see Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988), and we review the district court's decision for an abuse of discretion. See Crawford, 935 F.2d at 656.

Although the Commissioner's position was based on a misinterpretation of circuit precedent, it had a basis both in law and fact that could satisfy a reasonable person. See Pierce v. Underwood, 487 U.S. 552, 565 (1988) (defining "substantially justified"). Therefore, we find that the district court did not abuse its discretion in finding that position to be substantially justified.

Furthermore, Albright's contention that the Commissioner's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) was a litigation position without substantial justification fails. "The EAJA -- like other fee-shifting statutes-- favors treating a case as an inclusive whole, rather than as atomized line-items." Commissioner, INS v. Jean, 496 U.S. 154, 161-62 (1990). This Court considers the totality of the circumstances in assessing whether the government's position was reasonable and has rejected the argument that "any unreasonable position taken by the government in the course of litigation automatically opens the door to an EAJA fee award." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993). The Commissioner's position on a single post-judgment motion cannot support an award under the EAJA where his overall litigation position was substantially justified.

Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3