**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-1116

THOMAS MORTENSEN,

Plaintiff - Appellant,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,
substituted for JoAnne Barnhart,

Defendant - Appellee,

and

SOCIAL SECURITY ADMINISTRATIVE RECORD,

Party Below.

Appeal from the United States District Court for the District of
South Carolina, at Anderson. Joseph F. Anderson, Jr., District
Judge. (8:07-cv-00547-JFA)

Argued: March 23, 2011          Decided: May 5, 2011

Before NIEMEYER and DAVIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished opinion. Judge Niemeyer wrote the
opinion, in which Judge Davis and Senior Judge Hamilton joined.

**ARGUED:** Charles Lee Martin, MARTIN & JONES, Decatur, Georgia,
for Appellant. Marvin Jennings Caughman, OFFICE OF THE UNITED
STATES ATTORNEY, Columbia, South Carolina, for Appellee. **ON**

**BRIEF:** Paul T. McChesney, Spartanburg, South Carolina, for Appellant. William N. Nettles, United States Attorney, Beth Drake, First Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina; Dorrelyn K. Dietrich, Special Assistant United States Attorney for the District of South Carolina, John Jay Lee, Acting Regional Chief Counsel, SOCIAL SECURITY ADMINISTRATION, Denver, Colorado, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

NIEMEYER, Circuit Judge:

Thomas Mortensen, who suffers from degenerative disc disease, applied for Social Security disability benefits. The Social Security Administration denied his claim, and on appeal, the district court reversed, concluding that the Social Security Administration's ruling was not supported by substantial evidence. Thereafter Mortensen filed a motion for attorneys fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), which provides that prevailing parties are entitled to their attorneys fees "unless the court finds that the position of the United States was substantially justified." The district court concluded that the Social Security Commissioner's position was substantially justified and accordingly denied Mortensen's motion for attorneys fees. From that order, Mortensen now appeals. We affirm.

I

Beginning in 2004, Mortensen began to experience acute pain in his lower back and left leg. Dr. Darrell Cunningham, Mortensen's treating physician, was initially skeptical of Mortensen's complaints. But following an inspection of an MRI, Dr. Cunningham found that Mortensen suffered from a "degenerative disc disease." Dr. Cunningham eventually concluded that Mortensen could occasionally lift five pounds,

3

could stand and walk for one hour total per day; could grasp with both upper extremities, but not reach, push, pull or perform fine manipulations of his hands; and could not operate foot or leg controls.

Dr. Cunningham also referred Mortensen to Dr. Farook J. Kidwai, a neurological specialist, who performed a series of tests and diagnosed Mortensen as having "lumbar spondylosis with discogenic pain and early radiculopathy." Following his assessment of Mortensen, Dr. Kidwai advised Mortensen to

> avoid all activities that aggravate his symptoms. In particular, he should avoid repetitive bending and twisting of his low back. He should refrain from prolonged sitting, standing, walking, stooping, or driving for more than one-half hour at a time. After each such period of activity, he should either change his pace, or better yet, take a few minutes' break if at all possible. He should also not lift more than 20 pounds at a time.

Another assessment made subsequently by a third physician was substantially in line with the assessment made by Dr. Kidwai.

Relying on Dr. Cunningham's assessment, Mortensen filed a claim for Social Security disability benefits in February 2005. Following a hearing on his claim, an administrative law judge ("ALJ") denied Mortensen's claim, based on two findings.

First, the ALJ discounted Dr. Cunningham's diagnosis and instead gave controlling weight to Dr. Kidwai's opinion, which, he felt was "more consistent with the record as a whole." The

4

ALJ believed that he was entitled to do so because, while the opinion of an applicant's treating physician is usually entitled to "controlling weight," 20 C.F.R. § 416.927(d)(2), it can be discounted if it is not supported by clinical evidence or is inconsistent with other substantial evidence in the record, see Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). In the ALJ's view, Dr. Cunningham's conclusions were "not well supported objectively" because Cunningham relied primarily on Mortensen's subjective complaints of pain. Other doctors, on the other hand, had found that Mortensen was capable of a wider range of activity.

Second, the ALJ found that while Mortensen suffered from a legitimate injury, his claims regarding the resulting pain were not credible. This finding focused on perceived inconsistencies between Mortensen's statements about the effectiveness of the treatments he received. For example, he told one doctor that "nothing had relieved his pain," while he stated at another point that morphine injections and a drug called Bextra had helped.

Based on these conclusions, the ALJ asked a vocational expert whether a person with the capabilities described by Dr. Kidwai was disabled. The expert concluded that such a person would be capable of performing light work and therefore would not be disabled. But he added that a person would be disabled

5

if he suffered from the kind of pain that Mortensen had complained of. Having already found Mortensen's testimony regarding his pain not credible, the ALJ concluded that Mortensen was not disabled.

The Social Security Administration's Appeals Council ratified the ALJ's opinion.

On appeal to the district court, a magistrate judge issued a report and recommendation which concluded that the ALJ's opinion about the weight of Dr. Cunningham's diagnosis and Mortensen's credibility was not supported by substantial evidence and that Mortensen was entitled to disability benefits. The magistrate judge pointed out that Dr. Cunningham's conclusions were not based on Mortensen's subjective statements about pain, but instead on an MRI, which clearly identified a degenerative disc disease in Mortensen's lower back. The magistrate judge also concluded that Dr. Cunningham's opinion was consistent with Dr. Kidwai's assessment in most respects aside from the amount of weight Mortensen could lift. Accordingly, the magistrate judge concluded that Dr. Cunningham's diagnosis was entitled to controlling weight.

As to the ALJ's findings about Mortensen's credibility, the magistrate judge observed that the ALJ's decision had over-emphasized short breaks in Mortensen's efforts to seek treatment and had found inconsistencies in Mortensen's statements about

6

pain where none truly existed. Indeed, the magistrate judge noted that the ALJ had construed Mortensen's testimony "so narrowly as to not account for the way in which people commonly speak, particularly about health issues" and "appeared anxious to identify some reason not to believe" Mortensen.

Neither Mortensen nor the Commissioner of Social Security objected to the magistrate judge's report and recommendation. Accordingly, the district court adopted it wholesale. The court reversed the Social Security Administration's decision and remanded the case to the agency for an award of benefits.

As the prevailing party, Mortensen then filed a motion for attorneys fees under the EAJA, which the Commissioner of Social Security opposed. The Commissioner argued that while he did not prevail on the merits, his position was nonetheless "substantially justified," so that a fee award would be inappropriate under 28 U.S.C. § 2412(d)(1)(A).

The district court agreed with the Commissioner and denied Mortensen attorneys fees, concluding that the Commissioner's position was substantially justified. In the court's view, it was reasonable for the Commissioner to have relied on Dr. Kidwai's opinion that Mortensen "could engage in light work" and "to advocate that this opinion of a specialist should have been given more weight than that of [Mortensen's] treating physician."

This appeal followed.

II

Under the EAJA, prevailing parties are entitled to attorneys fees "unless the [district] court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). To take advantage of the exception, the government must show that its position was justified "as an inclusive whole." INS v. Jean, 496 U.S. 154, 159, 161-62 (1990). In other words, the substantial justification analysis encompasses not only the government's litigating positions, but also its positions in administrative hearings as well. See Crawford v. Sullivan, 935 F.2d 655, 656-57 (4th Cir. 1991). "There is no 'presumption that the Government position was not substantially justified, simply because it lost the case.'" Id. (quoting Tyler Bus. Servs., Inc. v. NLRB, 695 F.2d 73, 75 (4th Cir. 1982)). Rather, the government's position is substantially justified so long as "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988); see also Crawford, 935 F.2d at 658 (holding that the government is substantially justified so long as it "rel[ies] on an arguably defensible administrative record" (quoting Guthrie v. Schweiker, 718 F.2d 104, 108 (4th Cir. 1983))).

We review the district court's application of the EAJA's "substantially justified" exception for abuse of discretion. See Pierce, 487 U.S. at 562-63; Crawford, 935 F.2d at 656.

Mortensen contends first that the Commissioner's position was not "substantially justified" because it was not supported by substantial evidence. Arguing for a per se rule, Mortensen relies on a 1985 House of Representatives report which states that "[a]gency action found to be . . . unsupported by substantial evidence is virtually certain not to have been substantially justified." H.R. Rep. No. 99-120, pt. 1, at 9-10 (1985), reprinted in 1985 U.S.C.C.A.N. 132, 138. Since the district court found that the ALJ's decision was not supported by substantial evidence, Mortensen argues that he is entitled to attorneys fees as a matter of law.

We have, however, rejected this position. As we stated,

> Congress never intended to adopt this standard. The only support for such a rule is found in a few sentences in the middle of a House Report. If Congress had wanted this broad standard, which exceeds any judicial interpretation of the EAJA, it would have amended the statute, as it did in modifying [other parts of the Social Security Act].

Pullen v. Bowen, 820 F.2d 105, 108 (4th Cir. 1987), abrogated on other grounds as recognized in Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988); see also Hadden v. Bowen, 851 F.2d 1266, 1268 (10th Cir. 1988) (declining to follow the quoted report language); Broussard v. Bowen, 828 F.2d 310, 311-12 (5th Cir.

9

1987) ("The substantial-evidence standard and the without-reasonable-justification standard are neither semantic nor legal equivalents"); FEC v. Rose, 806 F.2d 1081, 1089-90 (D.C. Cir. 1986) (labeling the House report language "spurious legislative history"). Accordingly, we reject Mortensen's argument that he is entitled to attorneys fees simply because the ALJ's decision was not supported by substantial evidence.

Mortensen also contends that the Commissioner's position was not substantially justified because he did not argue in the district court that the ALJ's decision was "substantially justified." While Mortensen acknowledges that the Commissioner's litigating position in the district court may have been reasonable, he maintains that the Commissioner nonetheless failed to defend the ALJ's conclusions and thereby failed to prove that the government's position, taken as a whole, was "substantially justified."

The record, however, fails to support Mortensen's position. The Commissioner adopted the ALJ's decision before the Appeals Council and repeated the same position in the district court. See Agency Record 6-9; J.A. 49-54. In addition, the Commissioner specifically defended the reasonableness of the ALJ's conclusions in his brief filed in the district court. For example, the Commissioner argued that "the ALJ reasonably noted that the limitations Dr. Cunningham assessed were inconsistent

10

with other opinions of record," such that it was appropriate to discount Dr. Cunningham's diagnosis. The Commissioner also asserted that inconsistencies in Mortensen's testimony "provided a reasonable basis for the ALJ to discredit [Mortensen's] subjective complaints" of pain. Notwithstanding Mortensen's contention, it is apparent that the Commissioner did not fail to defend the legitimacy of his positions "as an inclusive whole." Jean, 496 U.S. at 162.

At bottom, this case presents a mixed administrative record. Dr. Kidwai and another specialist concluded that Mortensen was capable of a slightly wider range of functional capabilities than what Dr. Cunningham had found. These differences of opinion were not merely academic, as Dr. Cunningham's diagnosis would have disqualified Mortensen from performing "light work," 20 C.F.R. § 404.1567(b), while the other diagnoses might not have. Because there existed small, but potentially meaningful inconsistencies in the medical record and in Mortensen's various statements about the pain he was experiencing, the district court did not abuse its discretion in concluding that the Commissioner's position was "substantially justified."

III

Finally, Mortensen devotes a significant portion of his brief to the question of whether the district courts could deny

11

attorneys fees under the EAJA when the requested fees included fees charged by an out-of-state attorney who was not licensed in South Carolina, nor admitted to practice there pro hac vice. We do not, however, reach this issue in light of our conclusion that the district court did not abuse its discretion in denying attorneys fees because the Commissioner's position was substantially justified.

AFFIRMED

12