UNITED STATES of America,
Plaintiff-Appellant,

v.

312.50 ACRES OF LAND, MORE OR
LESS, SITUATED IN PRINCE WIL-
LIAM COUNTY, COMMONWEALTH
OF VIRGINIA; Annie M. Davis, et al.,
Defendants-Appellees.

No. 86–2572.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 5, 1987.

Decided Feb. 20, 1987.

Maria Arevalo Iizuka, Dept. of Justice (F. Henry Habicht, II, Asst. Atty. Gen., Washington, D.C., Henry Hudson, U.S. Atty., Joseph Fisher, Asst. U.S. Atty., Alexandria, Va., Aaron S. Bennett, Jacques B. Gelin, M. Kevin Voyles, Dept. of the Interior, Washington, D.C., on brief), for plaintiff-appellant.

Gary Alan Reese, Thomas G. Underwood, Manassas, Va., on brief, for defendants-appellees.

Before WINTER, Chief Judge, ERVIN, Circuit Judge, and KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.

HARRISON L. WINTER, Chief Judge:

The government takes this meritless appeal in this land condemnation case from the judgment entered on the jury's verdict awarding the landowners just compensation of approximately $4.2 million ($13,500 per acre for 312.50 acres of land). The sole contention on appeal is that the district court committed reversible error in admitting evidence of the sale of adjacent, comparable land under a fully executed, unconditional contract of sale fixing a price of $15,000 per acre when settlement under the contract had not yet been held.[1] We affirm.

I.

The government's complaint for condemnation and declaration of taking was filed

---

1. In addition to a lack of merit, this appeal is, as a practical matter, ill-advised. We were told in

oral argument that settlement under the contract has now taken place and that later sales of

May 21, 1985. The trial as to just compensation was held on March 18, 1986. At the trial, appraisers for the government and for the landowners variously appraised the property at $906,250 to $2,812,000. None of the appraisers took into consideration the contract to sell the adjacent tract. One of the owners valued the land at $8,500 per acre and another at $15,000.

The contract for the sale of adjacent, comparable land, admitted over the government's objection, was executed December 12, 1985. It fixed a price of $15,000 per acre. It was unconditional and it required settlement within 120 days.[2] The sum of $10,000 was paid at the time of execution. There was independent testimony that the contract was executed as the result of a bona fide arm's length transaction.

The jury's verdict fixed the value of the land at $13,500 per acre. The government unsuccessfully sought a new trial or a remittitur of $3,093,750 so as to reduce the verdict to the value placed on the land by the government's appraiser.

## II.

■ The government contends that the contract was inadmissible and inadequate to support the jury's verdict. The government relies for its argument on the settled proposition that a mere offer is too speculative and subject to fabrication to be admissible to show value of condemned property.

■ The government's argument misrepresents the law as it applies to these facts. An executed contract of sale conveys equitable title in the property to its purchaser and can in no way be characterized as a mere offer. It is hardly surprising therefore that the government is unable to cite a single case or authority which supports its argument in this case. Contrary to what the government argues, a binding unconditional contract of sale, even where title has yet to be conveyed, is unquestionably admissible to show value. *U.S. v. 428.02 Acres of Land*, 687 F.2d 266 (8 Cir.1982); *U.S. v. Smith*, 355 F.2d 807 (5 Cir.1966).[3]

■ In a related argument, the government also contends that the district court's instructions to the jury were misleading because the district court told the jury that "you are not limited by the appraisal of anyone in this case." This instruction, according to the government, authorized the jury to award the landowners compensation which was not based on the evidence presented at trial. The argument, however, is based upon a selective quotation from the district court's instructions to the jury. The district court's full instruction limited the discretion of the jury by following the cited language with: "Your verdict should be based on the evidence that has been presented in this case." Read as a whole, the instruction is unexceptionable. We note also that the government lodged no objection to this instruction.

■ We hold therefore that the contract of sale was admissible to show the value of the condemned land and was adequate, along with other testimony, to support the jury's verdict. It follows also that the district court did not abuse its discretion by denying the motion for remittitur or a new trial.

AFFIRMED.

comparable land have occurred in which the value per acre has been in excess of $15,000. If the government were to prevail, it would be entitled at most to a retrial of the issue of value. The government concedes that in that event the evidence of value reflected in the challenged contract and in subsequent sales would be admissible.

**2.** In its brief the government stated that settlement actually occurred on July 14, 1986.

**3.** The seven-month period between the declaration of taking and execution of the contract of sale does not alter this conclusion. Post-taking contracts of sale are admissible to show value. *U.S. v. 1,129.75 Acres of Land*, 473 F.2d 996 (8 Cir.1973). In addition, the seven-month period did not substantially undermine the probative value of this evidence.