UNITED STATES of America,
Plaintiff–Appellee,

v.

312.50 ACRES OF LAND, MORE OR
LESS, SITUATED IN PRINCE WIL-
LIAM COUNTY, COMMONWEALTH
OF VIRGINIA and Annie M. Davis, et
al., Defendants–Appellants.

No. 87–3746.

United States Court of Appeals,
Fourth Circuit.

Argued April 7, 1988.

Decided July 5, 1988.

Kimberly A. Mehuron, Gary A. Reese (Patterson & Reese, Fairfax, Va., Thomas G. Underwood, Owens, Underwood, Beane & Coppock, Manassas, Va., on brief), for defendants-appellants.

Maria Arevalo Iizuka (Roger J. Marzulla, Acting Asst. Atty. Gen., Washington, D.C., Henry E. Hudson, U.S. Atty., Dennis Szybala, Asst. U.S. Atty., Arlington, Va., Aaron S. Bennett, Jacques B. Gelin, Dept. of Justice, Land & Natural Resources Div., Kevin Voyles, Dept. of the Interior, Washington, D.C., on brief), for plaintiff-appellee.

Before WINTER, Chief Judge, ERVIN, Circuit Judge, and BUTZNER, Senior Circuit Judge.

PER CURIAM:

For the first time in this circuit, we are called upon to consider the application of the Equal Access to Justice Act (EAJA) to a land condemnation case. We hold that the district court correctly denied an award under the Act.

## I.

In a previous appeal, we deemed "meritless" the government's contention that a contract of sale for comparable land at a price of $15,000 per acre was inadmissible as evidence of value of the subject property when the contract was executed approximately three months before the condemnation case of the subject property was tried. As a result of the admission of that evidence, the jury awarded the owners approximately $4.2 million ($13,500 per acre for 312.50 acres of land). *United States v. 312.50 Acres, Prince William County, Va.*, 812 F.2d 156 (4 Cir.1987). Aside from evidence of this comparable sale, the appraisers for the government and for the landowners variously appraised the property at $906,250 to $1,125,000, without taking into account the comparable sale. When asked to consider this comparable sale, the landowners' appraiser increased his appraisal to $2,812,000. The government was apprised of the contract of sale exactly three months before trial, but the case had been pending for approximately ten months. When it filed its complaint for condemnation and declaration of taking, the government deposited $812,500 in the registry of the district court.

After having achieved such substantial success in contesting the value of their property, the landowners sought counsel fees under EAJA, 28 U.S.C. § 2412(d)(1)(A). They contended, and contend before us, that the position of the government in contesting the value of their property was not substantially justified. They stress their handsome recovery over and above the amount that the government had deposited in the registry of the court and the amount that it urged was the value of their property at trial. The district court denied their application. It pointed out that the government never asserted a value except that fixed by a qualified appraiser, and the landowners' appraiser's valuation was similar, putting aside the contract of sale for the comparable land which was executed only immediately before trial. The district court also relied on its uncertainty, prior to our opinion, about the admissibility of the executed, but not fully performed, contract of sale for comparable property as evidence of value. It ruled therefore that the government's position was not unreasonable, untenable or unjustified.

## II.

As a general proposition EAJA permits a district court to award counsel fees to a "prevailing party" in litigation unless the position of the government was "substantially justified" or "special circumstances" would "make an award unjust." 28 U.S.C. § 2412(d)(1)(A). As amended in 1985, EAJA not only applies to condemnation cases but defines the "prevailing party" as "a party who obtains a final judgment (other than by settlement), exclusive of interest, the amount of which is at least as close to the highest valuation of the property involved that is attested to at trial on behalf of the property owner as it is to the highest valuation of the property involved that is attested to at trial on behalf of the Government." 28 U.S.C. § 2412(d)(2)(H). This language, added in 1985, was designed to provide a mathematical formula for determining "prevailing party" in a condemnation case. *See* H.R.Rep. 120 at 18, *reprinted in* 1985 U.S.C.Cong. & Admin. News, 99th Cong., 1st Sess. 132, 146–47. Unquestionably the landowners in the instant case are prevailing parties, and we turn to the question whether the position of the government was substantially justified.

 We recognize that the landowners obtained an award over five times greater than the amount that the government had deposited into court and only slightly less than five times the value placed on the property by the government's appraiser. We reject this favorable result as the test of whether the government's position was substantially justified. *See United States v. 1,378.65 Acres of Land Situate in Vernon County*, 794 F.2d 1313, 1318 (8 Cir. 1986); *United States v. 341.45 Acres of Land, St. Louis Cty., Minn.*, 751 F.2d 924, 940–41 (8 Cir.1984), *vacated without opinion*, 786 F.2d 1168 (8 Cir.1986). Rather the test, as articulated by the Eighth Circuit, is for the district court to "focus upon the

relationship between the government's offer, the appraisals, and the valuations established by the government's expert witness during trial, rather than the relationship between the government's offer or deposit and the property owner's counter offer, if any, or the jury award ..." (footnotes omitted), *341.5 Acres*, 751 F.2d at 940–41. *See also United States v. 0.376 Acres of Land*, 838 F.2d 819 (6 Cir.1988). *Cf. United States v. Charles Gyurman Land & Cattle Co.*, 836 F.2d 480 (10 Cir. 1987); *United States v. 640.00 Acres of Land in Dade County, Fla.*, 756 F.2d 842, 850 (11 Cir.1985). It is the rule in *341.45 Acres* that we adopt.

 We think that the district court followed the standards set forth in *341.45 Acres*. In its oral opinion it stated:

> [T]he Government had an appraisal from, without question, a qualified appraisal expert. And while there was some disagreement as to his comparables, he was an expert and he picked out what he thought was comparable ... You [the landowners] had an appraiser that, *aside from this one particular contract,* was pretty much in the ballpark with the Government. (emphasis added).

The finding that the two appraisers were "pretty much in the ballpark" is manifestly correct. The government's appraiser had valued the land at $3,000 per acre, while the landowners' appraiser valued it at $3,475 per acre. Even when the landowners' appraiser, who had valued the property without considering the effect of the contract for the sale of comparable land, was asked at trial to take into account the recent contract of sale, he only raised his valuation to approximately $9,000 per acre while the jury awarded $13,500 per acre.

We also take into consideration the fact that the contract of sale did not come into being until only a few months before the actual trial. Undoubtedly at that time, the government's appraisal had been prepared. It is certain that that of the landowners' had been prepared. Their appraiser fixed a value without giving consideration to the contract until he was asked to do so during the course of his testimony.

To summarize, we think that there was a reasonable factual basis for the government's position in the litigation, and the district court did not exceed the authority vested in it when it denied an award of attorney's fees, even though the landowners were prevailing parties.

AFFIRMED.