**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-1283**

———————

ESSIE MORGAN,

Plaintiff - Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL
SECURITY,

Defendant - Appellee.

———————

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry M. Herlong, Jr., District
Judge.  (6:03-cv-01578-HMH)

———————

Submitted:  January 12, 2007        Decided:  March 20, 2007

———————

Before WILLIAMS, GREGORY, and SHEDD, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

W. Daniel Mayes, THE LAW OFFICES OF W. DANIEL MAYES, Aiken, South
Carolina, for Appellant.  Reginald I. Lloyd, United States
Attorney, Marvin J. Caughman, Assistant United States Attorney,
Columbia, South Carolina; Allan D. Berger, Special Assistant United
States Attorney, Deana R. Ertl-Lombardi, Regional Chief Counsel,
Denver, Colorado, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Essie L. Morgan appeals the district court's order denying her motion for attorney's fees and costs filed pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (2000). For the following reasons, we vacate the district court's order and remand for further proceedings.

In March 2001, Morgan filed an application for disability insurance benefits and supplemental security income benefits. Her application was initially denied, and she requested a hearing before an administrative law judge ("ALJ"). The ALJ denied Morgan's application, and the Appeals Council affirmed the decision. Morgan then filed a complaint in the district court against the Commissioner of Social Security ("Commissioner"), alleging that the Commissioner's decision was not supported by substantial evidence. After reviewing the case, the magistrate judge recommended that the ALJ's decision be reversed. Following the Commissioner's objections to the report, the district court rejected the magistrate judge's conclusions and affirmed the decision of the Commissioner.

On appeal, this court ruled that the ALJ had misapplied the findings contained in the functional capacity examination ("FCE"), leading to flawed hypothetical questions that were posed to the vocational expert and resulting in testimony that was incapable of producing a reliable assessment of relevant work

opportunities.  See Morgan v. Barnhart, 04-1692, 2005 WL 1870019 (4th Cir. Aug. 5, 2005) (unpublished).  The case was remanded to the district court with instructions to vacate and remand in order to permit the ALJ to redetermine Morgan's residual functional capacity and determine whether relevant jobs exist for Morgan in the national economy.  After the case was remanded to the ALJ, Morgan filed the underlying motion for attorney's fees and costs.  The district court denied Morgan's motion, stating only that the Commissioner's position was "substantially justified."

The EAJA provides that, in actions brought by or against the United States, attorney's fees shall be awarded to the other party if it prevails, unless the United States' position was "substantially justified" or special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1).  It is the government's burden to demonstrate that its position was substantially justified. Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991).  A district court's determination that the government's position was substantially justified is reviewed for abuse of discretion. Pierce v. Underwood, 487 U.S. 552, 557-59 (1988).  For a position to be substantially justified, it must be "more than merely undeserving of sanctions for frivolousness," as it must be justified to a degree as to satisfy a reasonable person.  Id. at 565-66.  In making such a determination, the district court should avoid an "issue-by-issue analysis," and instead should look at the

"totality of circumstances."  Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 138-39 (4th Cir. 1993) (rejecting the view that any unreasonable position taken by the government during litigation automatically leads to a fee award).

We conclude that the district court abused its discretion by not providing an explanation for its conclusion that the Commissioner's position was substantially justified.  See Libas, LTD. v. United States, 314 F.3d 1362 (Fed. Cir. 2003) (explaining that for appellate review of an EAJA fee award, "it is imperative that the court explain its rationale supporting its conclusion that the government's position was substantially justified"); Kerin v. United States Postal Serv., 218 F.3d 185, 193 (2d Cir. 2000) (vacating an EAJA fee award because the "lack of a clear explanation of the reasons for the fee award" handicapped appellate review and remanding "for a thorough explanation of the reasons"); United States v. Hallmark Constr. Co., 200 F.3d 1076, 1081 (7th Cir. 2000) (remanding the denial of an EAJA fee award for "a thorough explanation of the reasoning behind the district court's decision"); United States v. Eleven Vehicles, 200 F.3d 203, 211 (3d Cir. 2000) (vacating an EAJA fee award and remanding "to the district court for an explanation of its reasons for the fee award").  The district court may well be correct in its ultimate conclusion that the Commissioner's position was substantially justified, but we cannot properly review the district court's

decision without an explanation for how it reached that decision. See <u>United States v. Paisley</u>, 957 F.2d 1161, 1166 (4th Cir. 1992) (stating that the abuse of discretion deference accorded to EAJA orders is "considerably short of a simple, accept-on-faith, rubber-stamping of the district court decisions on this issue").

Accordingly, we vacate the order of the district court and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>