**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 07-1040**

—————————

SHIRLEY MANN,

Plaintiff - Appellant,

versus

MICHAEL J. ASTRUE, Commissioner of Social
Security,

Defendant - Appellee.

—————————

Appeal from the United States District Court for the District of
South Carolina, at Anderson.  Henry M. Herlong, Jr., District
Judge.  (8:05-cv-00791-HMH)

—————————

Submitted:  October 26, 2007       Decided:  December 10, 2007

—————————

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

—————————

Vacated and remanded by unpublished per curiam opinion.

—————————

W. Daniel Mayes, MAYES LAW FIRM, Aiken, South Carolina, for
Appellant.  Reginald I. Lloyd, United States Attorney, Marvin J.
Caughman, Assistant United States Attorney, Columbia, South
Carolina; Deana R. Ertl-Lombardi, Regional Chief Counsel, Dorrelyn
K. Dietrich, Special Assistant United States Attorney, Denver,
Colorado, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shirley Mann appeals the district court's order denying her motion for attorney's fees and costs filed pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (2000). For the following reasons, we vacate the district court's order and remand for further proceedings.

Mann filed an application for widow's insurance disability benefits and supplemental security income benefits. The applications were denied and reconsideration was denied. Mann requested a hearing before an Administrative Law Judge ("ALJ"). After a hearing, the ALJ denied Mann's applications and the Appeals Council denied her request for review. Mann filed a complaint in the district court against the Commissioner of Social Security ("Commissioner"), alleging that the Commissioner's conclusions and fact findings were not supported by substantial evidence and were contrary to law and regulations.

The magistrate judge determined that the ALJ's findings were supported by substantial evidence and recommended the ALJ's decision be affirmed. The district court declined to adopt the magistrate judge's report, determined that the ALJ failed to follow the regulations and erred in discounting the opinions of Drs. Baker and Hunter, and reversed the Commissioner's decision and remanded the case to the ALJ for further proceedings. After the case was remanded to the ALJ, Mann filed a motion for attorney's fees and

- 2 -

costs.  The district court denied the motion for attorney's fees, stating:

> [t]he court's decision to reverse and remand for additional proceedings was based on its finding that the ALJ failed to provide valid reasons for discrediting Dr. Hunter and Dr. Baker's opinions and failed to properly evaluate Mann's residual functional capacity.  While the court found that the ALJ's analysis was incorrect, the Commissioner's position was not unreasonable or inconsistent with established authority.  Because the Commissioner's position was substantially justified, the court denies Mann's motion for attorney's fees and costs.

The EAJA provides that, in actions brought by or against the United States, attorney's fees shall be awarded to the other party if it prevails, unless the United States' position was "substantially justified" or special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1).  It is the government's burden to demonstrate that its position was substantially justified.  Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991).  A district court's determination that the government's position was substantially justified is reviewed for abuse of discretion.  Pierce v. Underwood, 487 U.S. 552, 557-59 (1988).  For a position to be substantially justified, it must be "more than merely undeserving of sanctions for frivolousness," it must be justified to a degree as to satisfy a reasonable person.  Id. at 565-66.

We conclude that the district court erred by not providing an explanation for its conclusion that the Commissioner's position was substantially justified.  See Libas, Ltd. v. United States, 314 F.3d 1362 (Fed. Cir. 2003) (explaining that for

appellate review of an EAJA fee award, "it is imperative that the court explain its rationale supporting its conclusion that the government's position was substantially justified"); <u>Kerin v. United States Postal Serv.</u>, 218 F.3d 185, 193 (2d Cir. 2000) (vacating EAJA fee award because the "lack of a clear explanation of the reasons for the fee award" handicapped appellate review and remanding "for a thorough explanation of the reasons"); <u>United States v. Hallmark Constr. Co.</u>, 200 F.3d 1076, 1081 (7th Cir. 2000) (remanding denial of an EAJA fee award for "a thorough explanation of the reasoning behind the district court's decision"); <u>United States v. Eleven Vehicles</u>, 200 F.3d 203, 211 (3d Cir. 2000) (vacating EAJA fee award and remanding "to the district court for an explanation of its reasons for the fee award").  While the district court may be correct in its conclusion that the Commissioner's position was substantially justified, we cannot properly review the district court's decision without an explanation of how it reached that decision.

Accordingly, we vacate the order of the district court and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>