**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-1502**

———————

MARTHA S. STRONG,

        Plaintiff - Appellant,

    v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

        Defendant - Appellee.

———————

Appeal from the United States District Court for the District of South Carolina, at Rock Hill. Richard M. Gergel, District Judge. (0:09-cv-02101-RMG)

———————

Submitted: December 28, 2011      Decided: January 19, 2012

———————

Before SHEDD, DAVIS, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

W. Daniel Mayes, SMITH, MASSEY, BRODIE, GUYNN & MAYES, P.A., Aiken, South Carolina, for Appellant. William N. Nettles, United States Attorney, Barbara M. Bowens, Assistant United States Attorney, Columbia, South Carolina; Michael A. Thomas, Special Assistant United States Attorney, John Jay Lee, Regional Chief Counsel, Denver, Colorado, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Martha S. Strong filed for disability insurance benefits and supplemental security income. The Social Security Administration denied her claim, finding that Strong was not disabled because she could perform past relevant work. Strong appealed to the district court, and the district court remanded the case after concluding that the Commissioner's decision was not supported by substantial evidence. The district court denied Strong's motion for fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (2006),[*] and Strong now appeals the denial of EAJA fees. We affirm.

We review the district court's decision to deny Strong's request for EAJA fees for an abuse of discretion. Pierce v. Underwood, 487 U.S. 552, 559 (1988); Priestly v. Astrue, 651 F.3d 410, 415 (4th Cir. 2011). Under the EAJA, parties prevailing against the United States are entitled to attorney's fees "unless the [district] court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The Government bears "the burden of proving that its litigation position was substantially justified." Crawford v. Sullivan, 935 F.2d 655, 658

---

[*] Subsequent amendments to the EAJA do not affect our analysis in this case. See Act of Jan. 4, 2011, Pub. L. No. 111-350, § 5(g)(9), 124 Stat. 3677, 3848.

(4th Cir. 1991). The Government's position is substantially justified so long as "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Underwood, 487 U.S. at 566 n.2. In determining whether the Government's position was substantially justified, this court "consider[s] the totality of the circumstances." Hyatt v. Barnhart, 315 F.3d 239, 244-45 (4th Cir. 2002) (internal quotation marks omitted).

Strong argues that the Commissioner's position below was not substantially justified because the administrative law judge ("ALJ") failed in his responsibility to consider and weigh all relevant evidence. Strong relies on a legislative report stating that "[a]gency action found to be arbitrary or capricious or unsupported by substantial evidence is virtually certain not to have been substantially justified under the [EAJA]" and that "[o]nly the most extraordinary special circumstances could permit such an action to be found substantially justified under the [EAJA]." H.R. Rep. No. 99-120, pt. 1, at 9-10 (1985), reprinted in 1985 U.S.C.C.A.N. 132, 138.

We have rejected the argument that a claimant is entitled to attorney's fees under the EAJA simply because an ALJ's decision was not supported by substantial evidence. Pullen v. Bowen, 820 F.2d 105, 108 (4th Cir. 1987) ("[T]he

3

reversal of an agency [decision] for lack of substantial evidence does not raise a presumption that the agency was not substantially justified."), abrogated on other grounds as recognized in Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988); see also Underwood, 487 U.S. at 566-67 (declining to follow other language of H.R. Rep. No. 99-120). Here, the Commissioner's position rested on an "arguably defensible administrative record." Crawford, 935 F.2d at 658 (internal quotation marks omitted). Although the ALJ failed to adequately analyze the medical opinions of Dr. Sam Stone and Dr. Tolulola Adeola, the medical record did contain meaningful inconsistencies, and the district court did not abuse its discretion in concluding that the Commissioner's position was substantially justified.

Next, Strong argues that the district court abused its discretion in failing to provide a specific explanation for its decision to deny her motion for attorney's fees. We have remanded EAJA fee cases to the district court on the ground "we cannot properly review the district court's decision without an explanation of how it reached that decision." Mann v. Astrue, 258 F. App'x 506, 508 (4th Cir. 2007) (No. 07-1040); Morgan v. Barnhart, 227 F. App'x 235, 237 (4th Cir. 2007) (No. 06-1283) (same). In Cody v. Caterisano, 631 F.3d 136 (4th Cir. 2011), we distinguished Morgan and Mann, concluding that the district

4

court's explanation that reasonable arguments existed on both sides of outcome determinative issues reflected adequate consideration of whether the Government's position would be acceptable to a reasonable person. Id. at 145. We explained that we could adequately review the district court's decision, despite an "overly concise explanation," because "the record contains not only the parties' motions and supporting briefs but also a transcript of a hearing where the district court inquired extensively into both parties' arguments." Id. We also observed that a remand would not yield any different result or new information. Id.

The record on appeal permits us to adequately review the district court's exercise of discretion in this case. A district court is not required "to perform a certain kind of analysis, recite certain magic words, or follow a particular formula when denying motions for EAJA fees." Id. The district court need only consider whether the Government's position had a "reasonable basis in law and fact." Underwood, 487 U.S. at 566 n.2. A principled review of the district court's decision requires an assessment of "the available 'objective indicia' of the strength of the Government's position" and an "independent assessment of the merits of the Government's position." United States v. Paisley, 957 F.2d 1161, 1166 (4th Cir. 1992).

5

The record here includes the administrative proceedings, the parties' arguments below, and the district court's assessment that "[t]he position by the Government was not without reason and was well-briefed and argued." We are able to "discern from the record what the district court meant." Cody, 631 F.3d at 145. The Commissioner relied on an arguably defensible administrative record, and it is unclear how a remand would yield additional information or a different outcome.

Finally, Strong argues that this court is unable to evaluate whether the district court abused its discretion in denying EAJA fees because, in light of the remand to the ALJ, the court declined to rule on all the issues she raised. We disagree. Evaluating whether the Government's position was substantially justified is not "an issue-by-issue analysis" but an examination of "the totality of circumstances." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993). The district court did not abuse its discretion in declining to adjudicate issues not adequately developed in the administrative record. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation.") (cited in Cody, 631 F.3d at 145); Hardisty v. Astrue, 592 F.3d 1072, 1077 (9th Cir. 2010) ("Nothing in [the EAJA] extends fee-shifting to issues not adjudicated."), cert. denied, 131 S. Ct. 2443 (2011).

6

Based on the foregoing, we affirm the district court's denial of fees and expenses under the EAJA. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED