DAVIS, Circuit Judge,
concurring in part and concurring in the judgment:
I agree entirely with my friend Judge Niemeyer’s unimpeachable statutory analysis of the EAJA and with the resulting conclusion that the use of non-admitted contract attorneys to perform legal work in social security disability appeals is not a “special circumstance” justifying the withholding of attorney’s fees for such work. As Judge Niemeyer persuasively demonstrates, the district court erred in its improper intermixing of the requirements for a lawyer’s appearance before the district court with the requirements of the EAJA; the two are indeed separate matters. Thus, I concur in the judgment vacating the orders in these cases and remanding for reconsideration of plaintiffs’ motions for fees and costs.
I also respect my friend Judge Hamilton’s full-throated defense of the local rules of the United States District Court for the District of South Carolina and of the prerogative and indeed, the duty, of the judges of that district to enforce those rules, including those aimed at ensuring attorneys’ competence as advocates and *420 policing ethical norms. Cf. Brown v. McGarr, 774 F.2d 777, 780-82, 785-86 (7th Cir.1985) (discussing the recommendations of the Devitt Committee, appointed by Chief Justice Burger in 1976 to make recommendations to improve the quality of advocacy in federal courts, and the implementation of such recommendations, in part, by district courts’ adoption of local rules); see 28 U.S.C. §§ 2071, 1654;[1] and see Fed.R.Civ.P. 83 (authorizing adoption of local rules by United States District Courts by a “majority vote” of the district judges). I have previously acknowledged that “local legal culture drives [certain] practices,” Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 414 (4th Cir. 2010) (Davis, J., concurring), and recognize that “local legal culture” certainly can influence a district court’s local rules. This case poses an important question as to the extent the application of those rules should be influenced by “local legal culture.”
Martin is a specialist in social security disability appeals litigation. He is a member in good standing of the Georgia Bar, maintaining offices in Decatur, Georgia, outside of Atlanta, and practices before the United States District Court for the Northern District of Georgia. His expertise in such cases has prompted local lawyers in the District of South Carolina and the Western District of North Carolina to retain his services in brief-writing in social security disability appeals.[2]
Some, but not all, of the judges in those districts, in the face of objections by the Commissioner of Social Security, and invoking their local rules as authority, have refused, in whole or in part, to award attorney’s fees to prevailing social security disability claimants for the work performed by Martin and members of his firm as contract attorneys. Priestly v. Astrue, No. 6:08-546, 2009 WL 4267076 (D.S.C. Nov. 24, 2009); Mortenson v. Astrue, No. 8:07-547, 2009 WL 4676510 (D.S.C. Dec. 9, 2009), ajfd on other grounds, 428 Fed. Appx. 248, 2011 WL 1690068 (4th Cir. May 5, 2011). Other judges have rejected the Commissioner’s argument but have recommended that Martin seek pro hac vice admission in future cases, in part “[t]o avoid confusion over this issue.” Pace v. Astrue, 9:07-cv-546 (D.S.C. May 9, 2008); see also Tadlock v. Astrue, No. 8:06-cv-3610 (D.S.C. Apr. 9, 2009); Freeman v. Astrue, No. 0:06-cv-2255 (D.S.C. July 24, 2008). In still other cases, district judges *421 characterized the Commissioner’s objection to the payment of fees to prevailing plaintiffs in cases in which Martin provided services to local counsel as unjustified and have refused to sustain the Commissioner’s objection. See Stisser v. Astrue, No. 3:07-3032 (D.S.C. Mar. 24, 2009); Clowney v. Astrue, No. 8:07-cv-856 (D.S.C. Sept. 15, 2008). To say that this chaotic state of affairs is highly undesirable is profound understatement.
As the lead district court opinion in these appeals notes, the conflict over EAJA fees arose because, as vigorously urged by the Commissioner in opposing (in whole or in part) an award of attorney’s fees to prevailing parties in social security disability appeals, attorneys Martin and his associate are not admitted to the bar of the United States District Court for the District of South Carolina and, specifically, they were not admitted pro hac vice. See Mortenson v. Barnhart, 2009 WL 4267218, at 2 (“The question, as the court sees it, is whether attorney Martin should be compensated at the same rate as a plaintiffs attorney of record when attorney Martin, though he no doubt provided valuable and skillful work, is not licensed to practice law in this district.”); see also Mullinax v. Astrue, 768 F.Supp.2d 829, 831 (D.S.C. 2010) (“In at least four cases since May 2008, courts in this District have cautioned Mr. Martin against continuing to represent clients in the District of South Carolina without applying for pro hac vice admission in this District.”).[3] However, because Martin and his associate have performed work for local attorney McChesney in dozens of cases over the last several years, they are not eligible for admission pro hac vice under District of South Carolina Local Civil Rule 83.1.05, which authorizes pro hac vice admission of attorneys “for occasional appearances,” but not as a “substitute for regular admission to the Bar of this Court.”
Therefore, under the reasoning of the orders under review, the only way for these lawyers to provide (and be paid for) their specialized brief-writing services to attorney McChesney, or other local attorneys in South Carolina, would be for them to be admitted to the bar of the District of South Carolina. Consequently, under Local Civil Rule 83.1.03, the only way for them to gain admission to practice in the District of South Carolina is for them to become members of the Bar of the Supreme Court of South Carolina. And, under Rule 402(c)(5) of the South Carolina Appellate Court Rules, the only way for them to become members of the Bar of the Supreme Court of South Carolina is to pass the South Carolina bar examination.
Put simply, in light of the local rules as applied by the district judges in these cases, the United States District Court for the District of South Carolina does not permit Martin to provide contractual legal services to McChesney unless he passes the State of South Carolina’s three-daylong bar exam. With respect, in my judgment, under the circumstances of the cases before us, this requirement imposes a journey to a bridge too far.[4]
*422 The requirement of passing an additional full-length, three-day bar examination years after first gaining admission to a state bar is highly burdensome, requiring extensive time and expense. Such a requirement would be discouraging to any practitioner looking to expand his or her specialized practice (e.g., immigration law) to an additional geographic region within the federal court system.[5]
Furthermore, social security disability law is entirely federal, and its practice requires no knowledge of South Carolina law. It is also a unique, highly technical area of practice in which specialization can only benefit all parties to the litigation, including the court itself.
District Judge Fitzwater of the Northern District of Texas has observed how specialization actually works in the Commissioner’s favor in the context of motions for the payment of fees under the EAJA:
Moreover, the Commissioner’s objections [to the request for fees performed by non-admitted contract attorneys] are questionable when carefully analyzed in the context of an EAJA fee application. He concedes that Bohr is a specialist in social security appeals. Given the comparatively modest cap on EAJA fees— which means that specialists cannot bill at significantly higher rates than might be expected of non-specialists — it would appear to be in the government’s interest for disability claimants to be represented by persons whose experience and expertise permits them to complete necessary legal services in less time than might otherwise be required. When evaluating potentially time intensive pro *423 cesses such as research and brief writing — compared, for example, to administrative functions — it is often difficult to say that an attorney should have expended fewer hours than he did or to quantify the part that is excessive. When services are performed by a specialist, the person’s professional expertise can serve as a de facto governor against excessive fees. And it should matter little to the Commissioner whether Weisbrod performed a service himself or delegated it to Bohr, provided that Weisbrod and Bohr in fact performed the services for which fees are claimed, that they did not engage in wasteful duplication, and that Bohr’s time expenditures were reasonable.
Sandoval v. Apfel, 86 F.Supp.2d 601, 608-09 (N.D.Tex.2000). Similarly, I can discern no compelling reason why the Commissioner would seek to prevent (by contesting reasonable payments otherwise due under the EAJA) a local attorney from utilizing the brief-writing services of an expert social security disability practitioner. As Judge Niemeyer’s opinion convincingly shows, non-admission to the district court bar hardly justifies non-payment as a matter of statutory interpretation.[6]
Questions regarding the wisdom and fairness of the application of the district’s local rules to one side, there is respectable and persuasive authority supporting the proposition that a local attorney’s use of non-admitted contract attorneys in social security appeals is entirely appropriate. See Rose-Velasquez v. Astrue, 2008 WL 1765659, at * 1-2 (D.Utah April 16, 2008); Sandoval, 86 F.Supp.2d at 604-11.[7] Indeed, District Judge Seymour and District Judge Currie have explicitly relied on such authority in parting company with their brethren in the District of South Carolina and in awarding fees and costs for work performed on such cases by Martin. See Stisser, No. 3:07-3032-MBS, slip op. at 2; Smith v. Astrue, 2008 WL 5255894, at *4 (D.S.C. Dee.16, 2008); Cloumey, No. 8:07-cv-856, slip op. at 2 n. 1. It is my hope that upon the remand of these cases, the fine district judges of the District of South Carolina will give sympathetic consideration to the reasoning in those cases.
The irony evident in this case should not be lost on anyone. The rules adopted by this court (as mandated by the Federal Rules of Appellate Procedure[8]) limit the *424 barriers to admission to our bar to two: (1) admission to practice and (2) good moral character. See United States Court of Appeals for the Fourth Circuit Rule LR 46(b). Thus, Mr. Martin, who is not admitted to practice in any state in this circuit, is a member of our bar and was able to file Appellants’ briefs and then appear and argue these cases before us; but he is said to be ineligible for Congressionally-mandated compensation for writing briefs under contract with, and under the supervisory responsibility of, local attorneys who represent prevailing parties in the District of South Carolina, within this circuit.
Manifestly, the perquisites of “local legal culture” have their limits. Cf. Frazier v. Heebe, 482 U.S. 641, 646, 107 S.Ct. 2607, 96 L.Ed.2d 557 (1987) (exercising supervisory authority and applying “right and justice” standard to find a local rule of the Eastern District of Louisiana requiring that attorneys who were members of the bar of the State of Louisiana either reside in or maintain an office in Louisiana to qualify for admission to the bar of that district court was “unnecessary and irrational”). One could reasonably conclude that those limits have been exceeded in these cases.[9]

. Section 2071 provides:
The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business. Such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed by the Supreme Court.
28 U.S.C. § 2071.
Section 1654 provides:
In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.
28 U.S.C. § 1654.

. I note that the Martin firm has also encountered challenges from the Commissioner of Social Security to its entitlement to compensation in social security disability appeals cases in the Western District of North Carolina. See Sneed v. Astme, 2010 WL 5395785 (W.D.N.C. Dec. 22, 2010) (staying consideration of a motion for attorney's fees under EAJA for work performed by Martin in social security disability appeals filed in the Western District of North Carolina pending the outcome of the appeal before us here). In addition, a recent case in the United States District Court for the Middle District of Florida found that the lawyers in the Martin firm, who are not admitted in that district, should be paid at the paralegal rate rather than at the attorney rate in a social security disability appeal. See Riggins v. Astrue, 2011 WL 2119338, at *3 (M.D.Fla. May 27, 2011).

. Obviously, for purposes of appearing in federal district court, Martin is not properly described as "unlicensed;” there is no general federal licensure requirement for attorneys. See Note, Who's Afraid of a Uniform Federal Court Bar? Dispelling Fears About Standardizing Admission and Regulation of Attorneys in Federal Courts, 22 Geo. J. Legal Ethics 811 (2009) (advocating creation of a uniform national system for attorney admission to practice before federal courts). Rather, though licensed to practice law by the Supreme Court of Georgia, he is “non-admitted” to the federal district court bar in the District of South Carolina.

. I note that because the United States District Court for the Northern District of Georgia has a similar forum state requirement, see *422 N.D. Ga. L.R. 83.1, the problem presented here might well be the same if the roles of Mr. Martin and Mr. McChesney were reversed. The existence of district court exclusionary practices in the admission of counsel to their bars is a longstanding reality. See Marie Cordisco, Eligibility Requirements For, and Restrictions on, Practice Before the Federal District Courts (Federal Judicial Center November 1995) at p. 2 (reporting that as of the time of the report, "Fifty-five [of the ninety-four](59%) federal district courts limit membership in its Bar to attorneys who are members of the bar of the state or territorial possession in which the district court is located.”). http ://www.fjc.gov/public/pdf.nsiy lookup/0005.pdf/$file/0005.pdf (last visited June 6, 2011).

. To be sure, federal courts have uniformly rejected challenges to the requirement that admission to practice before individual federal district courts be limited to attorneys admitted to the bar of the forum state. See, e.g., Gallo v. U.S. Dist. Court For Dist. of Arizona, 349 F.3d 1169, 1179 (9th Cir.2003) (sustaining even a retroactive imposition of forum-state bar membership requirement over constitutional challenge brought by an attorney who lost his ability to practice in the District of Arizona), cert, denied, 541 U.S. 1073, 124 S.Ct. 2420, 158 L.Ed.2d 982 (2004). Courts have applied a highly deferential "rational basis” test to examine such exclusionary practices and they have been willing to indulge assumptions about the motivations for, and the efficacy of, such rules. See id. at 1181 n. 6 (acknowledging that "[ajlthough the record does not indicate that the [District of Arizona] amended [its local rule to require admission to the state bar of Arizona as a requirement for admission to the federal bar] for the explicit purpose of ensuring quality attorney representation, it is well-established that rational basis scrutiny permits the court to consider any conceivable justifications for enacting the law”) (alterations and citation omitted; emphasis in original).
However one views the persuasiveness of the assumed reasons offered as to why out-of-state attorneys are less likely to be competent, see id. at 1181 (observing, without citation to authority or empirical evidence, that "the standard for admission in both Arizona and California may well exceed that required in other states”), or more difficult to discipline, see id., the point powerfully raised by the case at bar is whether, in the area of exclusive federal practice, such as social security disability appeals, a limited exception to such requirements such as that applied by some of the district judges in South Carolina, see infra pp. 422-23, is warranted.

. With respect, the dissent's allegation that Mr. Martin and Ms. Naides have "unclean hands” is wholly unwarranted. No district judge in South Carolina has ever said such a thing.

. It must be acknowledged that the Northern District of Texas, in which Sandoval was decided, is among those districts that "have taken a more permissive approach and have removed barriers to entry, particularly that of requiring of admission to the bar of the state wherein the district court is located.” See Note, 22 Geo. J. Legal Ethics at 815 (citing U.S. District Court for the Northern District Of Texas. LR 83.7(a)).

. See Fed. R.App. P. 46(a)(1):
An attorney is eligible for admission to the bar of a court of appeals if that attorney is of good moral and professional character and is admitted to practice before the Supreme Court of the United States, the highest court of a state, another United States court of appeals, or a United States district court (including the district courts for Guam, the Northern Mariana Islands, and the Virgin Islands).
Obviously, the Rules Committee understands that competence to practice before an appellate court is not automatically transferrable to the art of trial advocacy and I do not suggest anything to the contrary. See also supra pp. 419-20 & n. 1 (citing statutory basis for the authority of federal district judges to control admission of lawyers to practice before their courts). Nevertheless, the disconnectedness evident here (after all, the claim to compensation in these cases under the EAJA is based solely on "brief writing”) is remarkable.

. Although I would require that contract attorneys be paid at an “attorney rate,” Judge Niemeyer’s opinion makes clear that upon the remand of these cases, the district court is free to determine an appropriate rate.